UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA : DOCKET NO. 6:18-185-2

VS. : JUDGE ZAINEY

ALFONZO JOHNLOUIS (2) : MAGISTRATE JUDGE HANNA

## RULING AND REASONS

Before the Court is a "Motion in Limine to Prohibit Introduction of 404(b) Evidence at Trial" (Rec. #99). Defendant Alfonzo Johnlouis moves to prohibit the introduction of Rule 404(b) evidence at trial. Johnlouis' motion was filed in response to the "United States Notice of Intent to Use 404(b) Evidence Against Defendant and Memorandum in Support" (Rec. #92). The Government intends to use evidence of acts by Johnlouis in its case in chief.

Johnlouis is currently charged for his involvement in a drug conspiracy (Count 1) and his attempt to possess methamphetamine with intent to distribute (Count 2). At trial, the Government intends to introduce the following evidence to show Johnlouis' knowledge and intent:

> A co-conspirator in the Ransom White drug trafficking organization verified that he and the defendant, Alfonzo Johnlouis, had the same supplier of methamphetamine during 2017. The supplier quit supplying methamphetamine to the defendant, Alfonzo Johnlouis, because the defendant owed the supplier approximately $10,000.00.
>
> On June 7, 2017 during a recorded telephone call, the defendant, Alfonzo Johnlouis, attempted to negotiate purchase of methamphetamine from a co-conspirator associated with the White drug trafficking organization. The defendant, Alfonzo Johnlouis, refused to purchase the methamphetamine because the price per ounce was too high.
>
> A co-conspirator in the RansomWhite drug trafficking organization verified that he received eight (8) ounces of methamphetamine from

1

the defendant, Alfonzo Johnlouis, in January of 2018. The same - co-conspirator was aware of the seizure of the eighteen (18) pounds of methamphetamine that it the basis of the instant Indictment. During a conversation between the co-conspirator and the defendant, Alfonzo Johnlouis, the defendant, Alfonzo Johnlouis, discussed the fact that twenty (20) pounds of methamphetamine belonging to him were seized.

A co-conspirator verified that on the day of her arrest, July 17, 2018, the weapon, heroin, and marijuana seized from the co-conspirator's residence belonged to the defendant, Alfonzo Johnlouis.

Johnlouis argues that the conduct stated hereinabove does not qualify as 404(b) evidence and should not be admitted into evidence at trial. Johnlouis relies on Federal Rules of Evidence Rule 404(b) which provides:

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
> **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> **(B)** do so before trial - - or during trial if the court, for good cause, excuses lack of pretrial notice.

Johnlouis' concern is that the jury will be prejudiced by these "bad acts" and draw the conclusion that Defendant is a "bad person", and that he acted in conformity therewith. Johnlouis suggests that the evidence the Government seeks to admit does not relate to the offense charged. Johnlouis also relies on Federal Rules of Evidence

Rule 403 which allows the "court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[1] Johnlouis further argues that should the Court permit the evidence pursuant to Rule 404(b), the Government should be prohibited from using the evidence at trial pursuant to Federal Rule of Evidence 403 because the probative value of such evidence overwhelmingly outweighs the prejudicial impact.

Johnlouis contends that the "incidents" alleged by the Government are designed to prejudice the jury against him by showing him to be a "bad man" with a bad character who had the propensity to commit the crime charged.

*Admissibility as to Rule 404(b)*

The Government argues that the abovementioned evidence is admissible as 404(b) evidence, or as intrinsic evidence of the drug conspiracy. Rule 404(b) forbids the introduction of acts extrinsic to a defendant's indictment to show the defendant's bad character. To determine the admissibility of "other crimes" evidence, this Court must determine if: (1) the extrinsic evidence is relevant to an issue other than the defendant's character; and (2) the evidence possesses probative value that outweighs any danger of unfair prejudice, confusion, misleading the jury, or needless presentation of cumulative evidence.[2]

In cases in which the defendant is charged in a drug conspiracy, the mere entry

---

[1] Fed. R. Evid. 403.
[2] *U.S. v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).

of a not guilty plea raises the issue of intent to justify the admissibility of extrinsic offense evidence.[3] Where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and the court is only required to consider whether the requirements of Rule 403 are met under *Beechum's* second prong.[4]

A district court has broad discretion in assessing admissibility under Rule 403,[5] and because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly.[6] In evaluating the probative value of the evidence, the Court should consider "the extent to which unlawful intent is established by other evidence, the similarity between extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses."[7]

The Government contends that the probative value of the evidence is clear, and the intrinsic and extrinsic offenses are similar because they both involve conspiring to distribute methamphetamine and possessing quantities of methamphetamine that are consistent with distribution.[8]

The Government further argues that the amount of time that separates the

---

[3] *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996).
[4] *United States v. Cockrell,* 587 F.3d 674, 679 (5th Cir. 2009) (citing *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996)).
[5] See *United States v. Royal*, 972 F.2d 643, 648 (5th Cir. 1992), *cert. denied,* 507 U.S. 911, 113 S.Ct. 1258 (1993).
[6] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied,* 511 U.S. 1149, 114 S.Ct. 2180 (1994); *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128 (1979).
[7] *United States v. Booker*, 334 F.3d 406, 412 (5th Cir. 2003) (citing *United States v. Richards*, 204 F.3d 177, 200 (5th Cir. 2000).
[8] The Government further remarks that it is of no moment that the extrinsic offense includes narcotics other than methamphetamine because the Fifth Circuit has established that even if the offenses involve different narcotic substances, the intent to distribute a narcotic substance is a sufficient similarity. See *United States v. Broussard*, 80 F.3d 1025 (5th Cir. 1996); *United States v. Booker*, 334 F.3d 406 (5th Cir. 2003); Cockrell v. *United States*, 587 F.3d 674 (5th Cir. 2009).

4

intrinsic and extrinsic offenses weighs in favor of inclusion because the periods of the 404(b) acts occurred before and after the period of the charged conspiracy – October 31, 2017 through November 3, 2017.

The Court agrees that the prior acts are relevant[9] to prove knowledge and intent. Furthermore, the intrinsic and extrinsic offenses are similar; they both involve conspiring to distribute methamphetamine and possessing quantities of methamphetamine consistent with distribution. The Court agrees with the Government that the prior acts are not complicated and will not be time-consuming. Furthermore, the use of limiting instructions setting out the purpose for which the evidence is admitted and admonishing the jury against considering it as improper evidence of guilt will do much to alleviate difficulties raised by admission of the evidence.[10] The Court finds that the Government has proved that the extrinsic offense(s) would sufficiently allow the jury to determine that the defendant possessed the same state of mind at the time he committed the extrinsic offense as he allegedly possessed when he committed the charged offense.

*Admissibility as intrinsic evidence*

"Evidence of a bad act is 'intrinsic' to a charged crime when the evidence of the other act and evidence of the crime charge are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged.[11] "Evidence is intrinsic to a conspiracy if it is relevant to

---

[9] Evidence is "relevant" once it appears "to alter the probabilities of a consequential fact." Weinstein & Berger, Weinstein's Evidence P 401(06), at 401-18 (1976).
[10] See *United States v. Masters,* 622 F.2d 83, 87 (4th Cir. 1980).
[11] *United States v. Watkins*, 591 f.3d 780, 784 (5th Cir. 2009).

5

establish how the conspiracy came about, how it was structured, and how the appellant became a member."[12] Intrinsic evidence is admissible to "complete the story of the crime by proving the immediate context of the events in time and place."[13] "[E]vidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred."[14]

The Government argues that Johnlouis' uncharged conduct in this conspiracy is his attempt to purchase distribution levels of methamphetamine and to distribute methamphetamine, as well as Johnlouis' possession of a firearm and his possession with intent to distribute a number of other drugs. The Government maintains that because this is intrinsic evidence, Rule 404(b) is not applicable. Therefore, the evidence should be admissible.

The evidence the Government wants to admit at trial indicates that Johnlouis and a co-defendant had the same supplier of methamphetamine around the same time that the current indictment charges Johnlouis. Its also indicates Johnlouis' attempted to buy methamphetamine on June 7, 2017. The evidence shows that Johnlouis admitted that a large quantity of methamphetamines (20 pounds) that belonged to him was seized. Finally, the evidence indicates that Johnlouis was the owner of a weapon, heroin, and marijuana that was seized on July 17, 2018. This evidence is indicative of Johnlouis' role in this drug conspiracy. The Court finds that

---

[12] *Id.*
[13] *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).
[14] *United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir. 1997) (quoting *United States v. Ridlehuber*, 947 F.2d 1191, 1999 (5th Cir. 1991).

6

this evidence should be admitted as intrinsic evidence as to the offenses charged herein.

## ORDER

For the reasons set forth above,

**IT IS ORDERED** that the Motion in Limine to Prohibit Introduction of 404(b) Evidence at Trial (Rec. #99) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that counsel shall propose an admonition and jury charge with respect to the Rule 404(b) evidence admitted at trial.

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this 21st day of February 2019.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE